UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAROIL, INC. and ZURICH AMERICAN INSURANCE COMPANY | * * * | CIVIL ACTION NO. 08-3539 |
| | * | SECTION "N" |
| VERSUS | * * | JUDGE SARAH S. VANCE |
| CAPITAL TOWING, LTD. | * * | MAGISTRATE (2) MAG. JOSEPH C. WILKERSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CAPITAL TOWING LTD.'S COUNTERCLAIM AGAINST MAROIL, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Capital Towing Ltd. (hereinafter referred to as "Capital"), and for its Counterclaim against Maroil, Inc. (hereinafter referred to as "Maroil") respectfully avers upon information and belief as follows:

## PARTIES

**1.**

Third party plaintiff, Capital Towing, Ltd., was a foreign limited liability partnership authorized to do business in the State of Louisiana.

**2.**

Named third party defendant herein, Maroil, Inc., is a limited liability company organized and existing under the laws of Louisiana.

**3.**

Plaintiffs, Zurich American Insurance Company and Maroil, Inc., have brought the underlying suit against Capital seeking damages for injuries allegedly sustained by Maroil on May 24, 2005.

**4.**

Capital has pled certain affirmative defenses which serve to bar any claims that plaintiff might otherwise have. Capital re-alleges any and all exceptions, responses, and affirmative defenses it has pled earlier on its behalf.

## JURISDICTION

**5.**

Capital seeks to enforce the terms of a charter agreement for towage it entered into with Maroil on May 7, 2004. While performing work pursuant to this charter agreement, two Maroil barges, the MOC 9 and MOC 10, allegedly sustained damage while in the tow of the Capital vessel, M/V ELIZABETH R, when they were struck by an Eckstein Marine vessel, the M/V TAYLOR MARIE, and its tow, such damage forming the basis of the underlying suit. Accordingly, this Court has subject matter jurisdiction over the counterclaim pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367, and to its admiralty and maritime jurisdiction, 28 U.S.C. § 1333(1).

## VENUE

**6.**

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) & (3).

## CLAIM FOR ENFORCEMENT OF CONTRACT

**7.**

On May 7, 2004, Capital and Maroil entered into a charter agreement involving the Maroil vessel M/V ELIZABETH R.

**8.**

Clause 6 of this Charter Agreement required that "Maroil, Inc. and all subsidiaries will name and waive Capital Towing Corporation and all subsidiaries on its insurance policy."

**9.**

At all times relevant, Zurich American Insurance Company provided coverage to Maroil, including coverage for damage to the barges MOC 9 and 10, under policy MH 3587711-05.

**10.**

Maroil failed to name Capital as an additional insured under policy MH 3587711-05 issued to Maroil by Zurich American Insurance Company.

**11.**

Maroil failed to obtain a waiver of subrogation from Zurich American Insurance Company under policy MH 3587711-05 with regard to Capital.

**12.**

On May 24, 2005, the barges MOC 9 and MOC 10 allegedly sustained damage while in the tow of the Capital vessel, M/V ELIZABETH R, when they were struck by an Eckstein Marine vessel, the M/V TAYLOR MARIE.

**13.**

At some point following the collision, Zurich American compensated Maroil for the physical damage to the MOC 9 and MOC 10.

**14.**

On May 22, 2008, Zurich American and Maroil filed suit against Capital, seeking compensation for the other damages sustained in the May 24, 2005 collision, and seeking reimbursement of the sums paid by Zurich to Maroil in connection with the collision.

**15.**

Had Maroil fulfilled its duties under clause 6 of the Charter Agreement, Zurich American would have waived any subrogated rights it might have obtained in making

payment to Maroil, and would have been precluded from recovering any such amounts from Capital.

**16.**

Additionally, had Maroil fulfilled its duties under clause 6 of the Charter Agreement, Zurich American would not have filed suit against Capital, saving Capital substantial expense in the form of defense costs and fees.

**17.**

Capital now seeks enforcement of the February 4, 2005 Charter Agreement, specifically that Maroil be required to pay any amounts related to the April 30, 2005 allision which Capital would not have expended or been adjudicated to pay had Maroil upheld its obligation to "name and waive" Capital on the Zurich policies, including attorneys' fees and defense costs.

**INTEREST**

**18.**

In addition to the foregoing sums for which the third party defendant is liable, Capital is entitled to recover pre-judgment and post-judgment interest from Maroil.

**TENDER OF MAROIL, INC. AS A DIRECT
DEFENDANT TO PLAINTIFF, ZURICH AMERICAN INSURANCE COMPANY**

**19.**

Pursuant to Federal Rule of Civil Procedure 14(c), Capital tenders Maroil as a direct defendant to the direct claims of the plaintiff, Zurich American Insurance Company.

**WHEREFORE**, third party plaintiff, Capital Towing, Ltd. prays that this Counterclaim be deemed good and sufficient, that summons issue from this Court to third party defendant, Maroil, Inc., that it be cited to answer this pleading within the legal delays, and that after due delays and all proceedings had that there be judgment entered in favor of Capital Towing, Ltd. and against Maroil, Inc.

Respectfully submitted,

**DUNCAN, COURINGTON & RYDBERG, L.L.C.**

/s/ Elton F Duncan III

**ELTON F. DUNCAN III, T.A. (#14967)**
**KELLEY A. SEVIN (#25871)**
**MICHAEL P. HIGGINS (#30554)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncour.com
E-Mail: ksevin@duncour.com
E-Mail: mhiggins@duncour.com
Attorneys for defendant, Capital Towing, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record, via e-mail, through CM/ECF electronic filing, this 28th day of October, 2008.

/s/ Elton F Duncan III